# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES DERRICK O'NEAL,

        Petitioner,    :    Case No. 1:12-cv-699

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on the Warden's Motion to Dismiss in Light of *Glossip v. Gross* (ECF No. 11).  O'Neal opposes the Motion (ECF No. 13) and the Warden has filed a Reply (ECF No. 14).

Motions to dismiss involuntarily are "dispositive" within the meaning of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72, requiring a report of proposed findings and recommendations for decision from an assigned Magistrate Judge.

In what he labeled as his Numerically Second Petition, O'Neal pleads the following Grounds for Relief:

> **First Ground for Relief:**  James Derrick O'Neal's execution will violate the Eighth Amendment to the United States Constitution because Ohio's lethal injection policy, protocols and procedures will result in cruel and unusual punishment.

(ECF No. 1, PageID 3.)

1

>**Second Ground for Relief:** James Derrick O'Neal's execution will violate the Fourteenth Amendment because Ohio's lethal injection policy, protocols and procedures will deprive him of equal protection of the law.

*Id.* at PageID 8.

Relying on *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2738 (2015), the Warden argues these claims are not cognizable in habeas corpus because they are method of execution claims which must be brought in a civil rights action under 42 U.S.C. § 1983.  In *Glossip* Oklahoma death row inmates brought a § 1983 action seeking to enjoin the use of midazolam (specified at 500 mg.) as the first drug to be administered in a three-drug lethal injection protocol. As the Supreme Court explains, Oklahoma had previously used the three-drug protocol (sodium thiopental, a paralytic agent, and potassium chloride) found constitutional by a plurality of the Court in *Baze v. Rees*, 553 U.S. 35 (2008). Because sodium thiopental and a substitute, pentobarbital, have become unavailable, Oklahoma substituted midazolam. *Glossip* was brought under 42 U.S.C. § 1983 and sought injunctive relief prohibiting the use of a 500 mg. dose of midazolam in conjunction with the other two drugs. The Supreme Court affirmed the lower courts' denial of a preliminary injunction on two bases:

>For two independent reasons, we also affirm. First, the prisoners failed to identify a known and available alternative method of execution that entails a lesser risk of pain, a requirement of all Eighth Amendment method-of-execution claims. See *Baze v. Rees*, 553 U. S. 35, 61, 128 S. Ct. 1520, 170 L. Ed. 2d 420 (2008) (plurality opinion). Second, the District Court did not commit clear error when it found that the prisoners failed to establish that Oklahoma's use of a massive dose of midazolam in its execution protocol entails a substantial risk of severe pain.

135 S. Ct. at 2731.

In the course of reaching these conclusions, the Court made this interpretation of *Hill v.*

*McDonough,* 547 U.S. 573 (2006):

> In *Hill*, the issue was whether a challenge to a method of execution must be brought by means of an application for a writ of habeas corpus or a civil action under §1983. *Id*., at 576, 126 S. Ct. 2096, 165 L. Ed. 2d 44. We held that a method-of-execution claim must be brought under §1983 because such a claim does not attack the validity of the prisoner's conviction or death sentence. *Id*., at 579-580, 126 S. Ct. 2096, 165 L. Ed. 2d 44.

*Id*. at 2738.

In *Adams v. Bradshaw*, 644 F.3d 481 (6th Cir. 2011), the circuit court was faced with Ohio's claim, relying on *Hill*, that the district court lacked jurisdiction in habeas corpus over a lethal injection claim. The court held:

> The Warden's contention that *Hill* "holds that a challenge to the particular means by which a lethal injection is to be carried out is non-cognizable in habeas" is too broad. Nowhere in *Hill* or *Nelson* does the Supreme Court state that a method-of-execution challenge is not cognizable in habeas or that a federal court "lacks jurisdiction" to adjudicate such a claim in a habeas action. Whereas it is true that certain claims that can be raised in a federal habeas petition cannot be raised in a § 1983 action, see *Preiser*, 411 U.S. at 500, it does not necessarily follow that any claim that can be raised in a § 1983 action cannot be raised in a habeas petition, see *Terrell v. United States,* 564 F.3d 442, 446 n.8 (6th Cir. 2009). Moreover, *Hill* can be distinguished from this case on the basis that Adams has not conceded the existence of an acceptable alternative procedure. See 547 U.S. at 580. Thus, Adams's lethal-injection claim, if successful, could render his death sentence effectively invalid. Further, *Nelson's* statement that "method-of-execution challenges[] fall at the margins of habeas," 541 U.S. at 646, strongly suggests that claims such as Adams's can be brought in habeas.

*Id*. at 483. Relying on that language from *Adams*, this Court has consistently held it has jurisdiction in habeas over method-of-execution claims. *Gapen v. Bobby*, 2012 U.S. Dist. LEXIS 121036, *3-8 (S.D. Ohio 2012); *Waddy v. Coyle,* 2012 U.S. Dist. LEXIS 94103, *7 (S.D. Ohio

2012); *Sheppard v. Robinson*, 2012 U.S. Dist. LEXIS 121829, *1 (S.D. Ohio 2012); *Bethel v. Bobby*, 2012 U.S. Dist. LEXIS 154041, *1-2 (S.D. Ohio 2012); *Sheppard v. Warden*, 2013 U.S. Dist. LEXIS 5560, *21-22 (S.D. Ohio 2013); *Turner v. Bobby*, 2013 U.S. Dist. LEXIS 39470, *3-4 (S.D. Ohio 2013).

In the Motion to Dismiss, the Warden argues he has won in *Glossip* what he lost in *Adams*. First she notes the ways in which the Numerically Second Petition attacks the "current"[1] lethal injection protocol (Motion, ECF No. 11, PageID 134-35). She concludes "to the extent *Adams* stands for the expansive proposition that inmates can challenge the specifics of Ohio's method of execution or how it is administered in habeas corpus, then it contradicts *Glossip* and is therefore overruled." *Id.* at PageID 136. The Warden also relies on *Scott v. Houk*, 760 F.3d 497 (6th Cir. 2014), and *Frazier v. Jenkins*, 770 F.3d 485 (6th Cir. 2014), in both of which the circuit court refused to remand habeas cases for development of lethal injection claims on the grounds any needed development could take place in pending § 1983 cases which would adequately protect death row inmates' interests.

This Court has previously declined to read *Scott* and *Frazier* that broadly because they did not purport to overrule *Adams* and indeed could not do so since it is a published circuit opinion. *See Tibbetts v. Warden,* 2015 U.S. Dist. LEXIS 27066 (S.D. Ohio 2015); *Raglin v. Mitchell,* 2014 U.S. Dist. LEXIS 155634 (S.D. Ohio 2014); *Turner v. Hudson*, 2014 U.S. Dist. LEXIS 155270 (S.D. Ohio 2014). But this Court's former application of *Adams* to allow death row inmates such as O'Neal to proceed simultaneously in § 1983 and habeas cannot stand in light of *Glossip*. This Court has already concluded it can no longer read *Adams* that expansively:

---

[1] O'Neal alleges "his First and Second Grounds for Relief arose for the first time on or about September 18, 2011, and became newly ripe on or about that date." September 18, 2011, is the date Ohio promulgated the lethal injection policy that was in effect when the instant Petition was filed.

4

> *Glossip* at the very least renders that statement of the law inexact. Under *Glossip's* reading of *Hill*, a method-of-execution claim must be brought under § 1983 if, but only if, (1) success on the claim would not invalidate the death sentence and (2) the prisoner can "identify a known and available alternative method of execution that entails a lesser risk of pain."

*Landrum v. Robinson*, 2015 U.S. Dist. LEXIS 116914, *7 (S.D. Ohio 2015).

Despite arguing that *Glossip's* reading of *Hill* is mere dictum, O'Neal concedes that *Glossip* requires death row inmates and this Court to be more precise in our use of language. As other capital petitioners in this Court have done in recent weeks, he agrees the term "method-of-execution claim" should be reserved for challenges made in § 1983 litigation to specific methods or steps in carrying out an execution (Response, ECF No. 13). Such a claim must, as *Glossip* has held, concede that the State can validly execute the person and it must identify a known and available alternative method of execution that entails a lesser risk of pain.

In contrast O'Neal asserts a death row inmate may still bring habeas corpus claims attacking lethal injection which do not concede that the State "can ever carry out a constitutional execution [and] attack the validity of the petitioner's death sentence." *Id.* at PageID 148. O'Neal correctly argues "the focus should be on the substance of the claim, rather than the name previously ascribed to it." *Id.*

O'Neal argues that *Glossip* did not overrule *Hill* and *Nelson v. Campbell,* 541 U.S. 637 (2004), and the Court agrees. At a time when habeas corpus jurisdiction was much more liberal, before enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the Supreme Court held a district court could not grant release from confinement in a § 1983 action because to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriguez,* 411 U.S. 475 (1973). The AEDPA, of course,

5

severely limited habeas jurisdiction, inter alia, by enacting a statute of limitations and the bar on second or successive petitions.[2] *Nelson* and *Hill* should be read as acknowledging emendations on the *Preiser* rule for conditions of execution claims of death row inmates. *Glossip* is consistent with those cases; it does not question the propriety of challenging a particular lethal injection protocol in a § 1983 action so long as the challenge would not invalidate the death sentence and the inmate proves an alternative. However, insofar as *Adams* reads *Hill* or this Court has read *Adams* as permitting an inmate to bring the same lethal injection claim in both 1983 and habeas, those readings cannot survive *Glossip*. O'Neal must limit his habeas claims to those which would invalidate his death sentence.

O'Neal also asserts *Glossip* misstates the holding in *Hill* (Response, ECF No. 13, PageID 151). In *Hill*, Justice Kennedy, who wrote for a unanimous Court, did not explicitly write what the Court was holding, although the syllabus reasonably reads the holding as being that Hill might proceed in civil rights and was not obliged to bring his claim in habeas. But what counts is not how this Court reads the holding, but how the Supreme Court reads its own precedent. Nothing prevents the Supreme Court from reinterpreting its prior opinions to strengthen their force.

In light of *Glossip*, O'Neal's Grounds for Relief do not clearly enough distinguish between method-of-execution civil rights claims which must be brought in § 1983[3] and lethal-injection-validity claims which must be brought in habeas. His reference to "newly-ripe" claims refers at least implicitly to the lethal injection protocol promulgated September 18, 2011, which

---

[2] The Supreme Court itself has erected barriers to habeas relief since *Preiser. Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), held a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).
[3] O'Neal is a plaintiff in In re Ohio Execution Protocol Litigation, Case No. 2:11-cv-1016, pending before Judge Frost.

he cites explicitly in ¶ 13, noting that that policy "is a mandatory part of Ohio's lethal injection process." *Id.* at ¶ 15. Of course, the 9/18/2011 protocol is no longer part of the process at all, having been superseded many times, most recently on June 29, 2015, the date *Glossip* was handed down. Paragraphs 17 and 18 specifically refer to the older protocol. In ¶ 23, O' Neal pleads that "the State of Ohio's execution method is unconstitutional." While he continues that that makes his death sentence "necessarily invalid," the reference is to a "method" which is no longer in place. In ¶ 25 he refers to the "current lethal injection policy … as written and as administered. . ." Paragraph 27 refers to the drugs employed, delivery mechanisms, personnel, etc., all of which appear to sound in "method-of-execution" under § 1983. It is unnecessary to catalogue all of the examples. As presently pled, O'Neal's Grounds for Relief do no consistently follow the clear division of § 1983 claims and habeas claims envisioned by *Glossip*.

**Second or Successive**

The Warden's Motion raises a question in the Court's mind which the parties have not raised. This is O'Neal's second-in-time habeas petition attacking the same state court judgment. This Court's judgment on his first Petition in Case No. 1:02-cv-357 was affirmed on appeal to the Sixth Circuit, *O'Neal v. Bagley*, 728 F.3d 552 (6th Cir. 2012), amended opinion at 743 F.3d 1010, cert denied 135 S. Ct. 69 (2014).

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") amended 28 U.S.C. § 2244(b) to read in pertinent part as follows:

> (b)
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)
> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Recognizing this difficulty, O'Neal contended without argument in his Numerically Second Petition that this case was not second or successive because it contained a claim that was newly ripe (ECF No. 1, PageID 2, ¶¶ 2 and 3).

The Warden did not contest this assertion by way of a motion to transfer the case to the Sixth Circuit, but argued in the Return of Writ that this was a second or successive application (Return, ECF No. 6, PageID 34-36). O'Neal responded by claiming this was not a second or successive habeas application (Reply, ECF No. 10, PageID 101-02), citing *Sheppard v. Warden,* 2013 U.S. Dist. LEXIS 5560 (S.D. Ohio 2013), and *Smith v. Pineda,* 2012 U.S. Dist. LEXIS 171759 (S.D. Ohio 2012).

A district court does not have jurisdiction over a second or successive petition without

prior permission from the court of appeals. *Burton v. Stewart*, 549 U.S. 147 (2007).  However, the district court must itself decide the second or successive question in the first instance. *In re: Sheppard,* 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012); *In re: Kenneth W. Smith*, 690 F.3d 809 (6th Cir. 2012). This Court held in *Sheppard* that habeas petitions raising method-of-execution claims directed at Ohio's lethal injection protocol arise when Ohio adopts a new protocol.

It is doubtful that rationale remains viable in light of *Glossip, supra*. The case draws a distinction between constitutional claims which, if successful, will invalidate a state court death sentence and constitutional claims which attack the method by which the execution will be carried out. It allows the first class of claims to be brought in habeas, but requires the latter class to be brought under 42 U.S.C. § 1983. Given that deepening of the distinction between habeas and 1983, it is difficult to see how a death row petitioner has a newly-arising habeas claim whenever the lethal injection protocol is amended and therefore not second or successive.

Because this question is jurisdictional under *Burton*, the Court is obliged to raise it *sua sponte. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States,* 764 F.3d 653 (6th Cir. 2014).

**Conclusion**

It is therefore respectfully recommended that the Numerically Second Petition be dismissed without prejudice for failure to plead a claim cognizable in habeas corpus with sufficient clarity to distinguish it from the claims O'Neal has made in *In re Ohio Lethal Injection*

*Protocol Litig.* O'Neal is granted leave to move to file an amended petition not later than September 30, 2015.

Should O'Neal move to amend, he must restate his position on why this would not be a second or successive petition. This Court has previously allowed new lethal injection habeas petitions to avoid the second or successive bar on the basis that they were raising new claims which could not previously have been pled, based on the adoption of new lethal injection protocols by the State. But the Court questions whether that rationale can support a habeas claim that any lethal injection execution would be unconstitutional since lethal injection has been an available method of execution in Ohio and indeed the exclusive method since before Franklin filed his initial Petition.

September 11, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).